UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

BRIAN CHARETTE, JR.,              )
                                  )
        Plaintiff,                )
                                  )
v.                                )        1:24-cv-00355-JAW
                                  )
RYAN DINSMORE, et al.,            )
                                  )
        Defendants                )

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff, who is in custody at the Maine State Prison, filed a complaint against two municipalities, two police chiefs, and multiple other police officers. (Complaint, ECF No. 1.)   In addition to his complaint, Plaintiff filed an application to proceed without prepayment of fees (ECF No. 7), which application the Court granted.  (Order, ECF No. 8.)  In accordance with the statute that governs actions where a plaintiff proceeds without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate.  28 U.S.C. § 1915(e)(2).  Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

After a review of Plaintiff's complaint, I recommend the Court dismiss the claims against the municipalities and the police chiefs but permit Plaintiff to proceed on excessive force claims against the other officers.

## FACTUAL ALLEGATIONS[1]

Shortly before midnight on January 20, 2023, a police vehicle driven by Defendant Dowe pulled up behind Plaintiff's vehicle as Plaintiff was driving east on Kennedy Memorial Drive in Waterville.  Plaintiff immediately pulled into a gas station and then reentered the roadway traveling in the opposite direction.  According to Plaintiff, he had not been speeding but changed course because he was concerned about the police due to some prior incidents.[2]

Plaintiff drove to the street on which his residence was located, ran into another person's yard, jumped up on a snowmobile trailer, raised his hands over his head, and as Defendant Dinsmore approached leading a canine on a leash, Plaintiff stated, "Alright, you got me."  Defendant Dinsmore released the canine and commanded it to bite.  Plaintiff asserts that Defendants Dinsmore, Dowe, Whitley, McDonald, Richard, Sirois, and an unknown state trooper were present while Plaintiff was bitten for several minutes.  Before

[1] For purposes of this review, the facts are derived from Plaintiff's complaint and the alleged facts are viewed most favorably to Plaintiff.

[2] Plaintiff describes an incident in May 2013 in which an officer allegedly threatened Plaintiff and an incident in July 2013 in which Plaintiff was pepper sprayed and not permitted to immediately rinse the spray off his body.

2

losing consciousness, Plaintiff was punched and slapped countless times, either by Defendants Dinsmore and Dowe, or the other local officers and the unknown state trooper.

After being treated at the hospital, Plaintiff was transported to the police station. Plaintiff alleges that while handcuffed at the police station, he heard the officers make derogatory comments about him and other comments about the encounter. Plaintiff was transported to and held at the Kennebec County Jail.  He was sentenced for unspecified crimes and transferred to the Maine State Prison.

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action.  When a party is proceeding pursuant to § 1915, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the

benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

Excessive force claims are evaluated under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989). In the context of force applied to make an arrest, the relevant factors for consideration include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (the so-called *Graham* factors). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. The test is an objective one: courts ask "whether the officers' actions are 'objectively reasonable' in light of the

facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397.

When applying the *Graham* factors, courts have recognized that it is usually objectively unreasonable to use significant force on a compliant person or a person who has clearly ceased actively resisting arrest. S*ee, e.g.*, *Parker v. Gerrish*, 547 F.3d 1, 9 (1st Cir. 2008); *Jennings v. Jones*, 499 F.3d 2, 18 (1st Cir. 2007). Assuming the truth of Plaintiff's allegations and drawing all reasonable inferences in his favor for purposes of this review, the complaint could support a finding that the officers continued to use an elevated level of force capable of causing pain and serious injury (i.e., dog bites and punches) for an extended period after Plaintiff had ceased his prior resistance and was subdued sufficiently.[3] Plaintiff, therefore, has alleged sufficient facts to support an excessive force claim against the officers at the scene.

The complaint, however, does not contain any allegations showing that the two police chiefs had any involvement in the arrest or use of force. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff's allegations that Defendants Bonney and Tracy did not discipline the involved officers are not actionable.

---

[3] The Court need not and does not address at this stage whether Plaintiff's conviction bars any or all of his claims under 42 U.S.C. § 1983. See *Heck v. Humphrey*, 512 U.S. 477 (1994); *Thore v. Howe*, 466 F.3d 173, 180 (1st Cir. 2006) (comparing and contrasting circumstances where arrest-related excessive force claims are barred or may proceed).

Because Plaintiff does not allege any actions which could generate a supervisory liability claim, *see, e.g.*, *Maldonado v. Fontanes*, 568 F.3d 263, 274–75 (1st Cir. 2009), it is appropriate to dismiss the claims against the police chiefs.

The claims against Oakland and Waterville fail for similar reasons. Municipalities are only liable under § 1983 for their official policies and customs. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978). Dismissal is warranted because Plaintiff has not plausibly alleged that the officers acted according to any official policy or custom of either municipality.

### CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss all claims and defendants except for the excessive force claims against Defendants Dinsmore, Dowe, Whitley, McDonald, Richard, Sirois, and the unknown state trooper.

### **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of January, 2025.