UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRIAN CHARETTE, JR., | ) |
|     Plaintiff, | ) |
| v. | )    1:24-cv-00355-JAW |
| RYAN DINSMORE, et al., | ) |
|     Defendants | ) |

**RECOMMENDED DECISION ON DEFENDANTS' MOTION FOR SANCTIONS**

As a sanction for Plaintiff's alleged failure to comply with his discovery obligations under the Federal Rules of Civil Procedure and a Court order, Defendants ask the Court to dismiss Plaintiff's complaint. (Motion for Sanctions, ECF No. 37.) Plaintiff did not file a response to the motion.

After consideration of Defendants' motion and following a review of the record, I recommend the Court grant Defendants' motion and dismiss Plaintiff's complaint.

**FACTUAL AND PROCEDURAL BACKGROUND**

In June 2025, as contemplated by the Scheduling Order, Defendants' counsel attempted to confer with Plaintiff regarding discovery and the deadlines established by the Scheduling Order. Plaintiff did not respond to counsel's attempt to contact him.

The Scheduling Order designated June 17, 2025, as the deadline for the parties to serve initial disclosures and October 7, 2025, as the discovery deadline. Defendants served their initial disclosures, and on August 6, 2025, Defendants served Plaintiff with a request for documents. Plaintiff did not serve his initial disclosures and did not respond to the discovery

request. On September 8, 2025, Defendants' counsel wrote to Plaintiff requesting the information. Plaintiff did not respond.

On September 16, 2025, Defendants served interrogatories upon Plaintiff. When Plaintiff did not respond to the interrogatories, on October 17, 2025, Defendants' counsel wrote to Plaintiff requesting his initial disclosures and his responses to the discovery requests. Plaintiff did not respond. Counsel also attempted to contact Plaintiff by phone but was unsuccessful. On October 24, 2025, counsel again wrote to Plaintiff requesting the information, but Plaintiff did not respond.

Defendants then requested a discovery conference in accordance with District of Maine Local Rule 26(b). Upon review of the request, the Court established November 21, 2025, as the deadline for Plaintiff to serve his initial disclosures and his response to the discovery requests. In the Court's order, the Court cautioned Plaintiff that if he failed to provide the information, the Court could impose sanctions, including the dismissal of the matter. The Court also authorized Defendants to file a motion for sanctions if Plaintiff failed to comply with the Court's order.

On November 7, 2025, Defendants' counsel wrote to Plaintiff's counsel providing him with a copy of the Court's order. Plaintiff has not provided Defendants with any of the information required by the Court's order and has not otherwise communicated with Defendants' counsel.

### DISCUSSION

Federal Rule of Civil Procedure 37 authorizes the Court to impose sanctions, including dismissal, in the event a party fails to comply with a court order, or fails to respond

appropriately to legitimate discovery requests. Fed. R. Civ. P. 37(b)(2), (d). Dismissal, while authorized, is the ultimate sanction. When considering whether a discovery violation warrants dismissal, the Court should consider a variety of factors, including "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." *Malloy v. WM Specialty Mortg. LLC*, 512 F.3d 23, 26 (1st Cir. 2008) (quoting *Robson v. Hallenbeck*, 81 F.3d 1, 2-3 (1st Cir. 1996)).

Under District of Maine Local Rule 7(b), a party is expected to file an objection to a motion if the party contests the motion, and unless the party files an objection, the party is "deemed to have waived objection." D. Me. Loc. R. 7(b). Dismissal, therefore, would be warranted based solely on Plaintiff's lack of objection to Defendants' motion for sanctions.

The record also supports dismissal. Despite Defendants' multiple inquiries, Plaintiff has failed to serve initial disclosures, a response to a request for documents, and answers to the interrogatories as required by the civil rules of procedure and the Court's order. Given Plaintiff's failure to serve initial disclosures as required by Federal Rule of Civil Procedure 26, his failure to serve responses to Defendants' written discovery requests, and his failure to comply with the Court's order, dismissal is warranted.

## CONCLUSION

After consideration of Defendants' motion for sanctions and following a review of the record, I recommend the Court grant the motion for sanctions and dismiss the matter.

## **NOTICE**

      A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                             /s/ John C. Nivison
                                             U.S. Magistrate Judge

Dated this 13th day of January, 2026.